IN THE UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS M. ANDERSON,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>HOUSLANGER & ASSOCIATES, PLLC,<br>TODD E. HOUSLANGER,<br>MEL S. HARRIS, DAVID WALDMAN,<br>SCOTT E. WORTMAN, LR CREDIT 18, LLC,<br>LEUCADIA NATIONAL CORPORATION,<br>AND VIRGO CAPITAL, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   C.A. No.<br>)<br>)<br>)<br>)   **NOTICE OF REMOVAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' VIRGO CAPITAL, LLC, NOTICE OF REMOVAL**

Defendant, VIRGO CAPITAL, LLC by and through their attorneys, HOUSLANGER &
ASSOCIATES, PLLC, hereby removes this civil action bearing Index No. 500608/2016 from the
Supreme Court of the State of New York, County of Kings to the United States District Court for
the Eastern District of New York pursuant to 28 U.S.C. §1446 and 28 U.S.C. §1331.

1.  Plaintiff commenced this action in the Supreme Court of the State of New York,
County of Kings by filing a Summons with Notice ("Summons") on or about January 15, 2016.
Plaintiff purported to serve Defendant Virgo Capital, LLC on or about May 5, 2016. A copy of
the Summons is attached hereto as **Exhibit "A"** without admission or adoption.  The Defendant
Virgo Capital, LLC as depicted in the affidavit of service is a Delaware LLC.

2.      An examination of the Affidavit of Service upon the Defendant Virgo Capital, LLC as filed with the Kings County Clerk on May 5, 2016 (See **Exhibit "B"** attached hereto) sets forth that the Defendant Virgo Capital, LLC is a Delaware Company and that service was made upon said company on May 5, 2016.  However, upon review of the Complaint filed June 1, 2016, paragraph 19 (See **Exhibit "C"** attached hereto containing only the relevant pages of the complaint) the Defendant Virgo Capital, LLC is a New York Limited Liability corporation with a principal place of business located at 243 Rt. 100, Somers, NY 10038 (See "NYS Department of State Division of Corporations Entity Information" attached hereto as **Exhibit "D"**).  The Plaintiff, to date, has failed to serve the New York Virgo Capital, LLC.  This Defendant was awaiting service before bringing this Notice of Removal and submits that Plaintiff has acted in bad faith in order to prevent said Defendant from removing the action by virtue of the failure to serve this Defendant.  Instead of serving the described Virgo Capital, LLC herein,  the Plaintiff has filed an amended complaint on July 7, 2016, in the Kings Supreme Court matter.

3.      Plaintiff seeks damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., relating to an alleged consumer transaction involving Plaintiff. (See Summons attached hereto as **Exhibit "A"**)

4.       Plaintiff is an individual with a mailing address in care of his attorney at 775 Park Avenue, Ste. 255, Huntington, New York 11743.

5.      Defendant, VIRGO CAPITAL LLC, is a New York Professional Limited Liability Company with its principal Place of business located 243 Rt. 100, Somers, NY 10038.

6.     This Honorable Court has original jurisdiction based upon the existence of a
Federal Question pursuant to 28 U.S.C. § 1331. Plaintiff brings the foregoing action based, in
part, pursuant to the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.). (See
Summons attached hereto as Exhibit "A")

7.     Pursuant to 28 U.S.C. § 1446(a) this Notice of Removal is filed in the United
States District Court for the Eastern District of New York, which is the District in which the
State Court Action is pending.

8.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as the thirty
(30) day period after service upon Defendant Virgo Capital, LLC's has not yet run as said
Defendant has not been served with any Summons or pleadings to date, and as not to
prejudice the timely process of this proceeding, and within thirty (30) days after Plaintiffs'
filing of the Amended Complaint dated July 7, 2016.

9.     Defendants will file this date a copy of the Notice of Removal with the Clerk
of the Court for the Supreme Court of the State of New York, County of Kings as required by
28 U.S.C. § 1446(d).

10.   Defendants will this date give written notice of the filing of this Notice of

Removal to Plaintiff and all other parties who appeared in the action as required by 28 U.S.C.

§ 1446(d).


**WHEREFORE**, Defendant VIRGO CAPITAL, LLC respectfully requests that the

above entitled action now pending in the Supreme Court of the State of New York, County of

Kings, be removed there from to this Court.

Dated:  July 14, 2016
          Huntington, New York

**Todd E. Houslanger, Esq.**
**HOUSLANGER & ASSOCIATES, PLLC**
***Attorney for Defendant***
**VIRGO CAPITAL, LLC**
*372 New York Avenue*
*Huntington, New York 11743*
*(631) 427-1140*
**Our File No.: 359845**

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

THOMAS M. ANDERSON,
ON BEHALF OF HIMSELF AND
ALL OTHERS SIMILIARLY SITUATED,

               Plaintiff,

   -against-

HOUSLANGER & ASSOCIATES, PLLC,
TODD E. HOUSLANGER,
MEL S. HARRIS, DAVID WALDMAN,
SCOTT E. WORTMAN, LR CREDIT 18, LLC,
LEUCADIA NATIONAL CORPORATION,
AND VIRGO CAPITAL, LLC,

               Defendants.

INDEX NO.      500608/2016
FILING DATE:   1/15/2016

**SUMMONS WITH NOTICE**

Plaintiff designates
Kings County
as the place of trial
The basis of the venue is
Plaintiff's designation

---

To the above named defendant(s):

      You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the sum of $505,000.00 with interest thereon from the 15th day of January 2015, together with the costs of this action and reasonable attorney's fees.

      TAKE NOTICE that the object of this action and the relief sought is to recover damages for violations of the Fair Debt Collection Practices Act, 15 USC 1692, et. seq., negligence, fraud, and NY GBL 349 and that in case of your failure to answer, judgment will be taken against you for the sum of $505,000.00 with interest thereon from the 15th day of January 2015, together with the costs of this action and reasonable attorney's fees.

Dated:       January 15, 2016
                Huntington, NY

/s/
_____
Mitchell L. Pashkin
Attorney For Plaintiff
775 Park Avenue, Ste. 255
Huntington, NY  11743

Index No. 500608/2016

THOMAS M. ANDERSON,
ON BEHALF OF HIMSELF AND
ALL OTHERS SIMILIARLY SITUATED,

                    Plaintiff(s) ,

        -vs-

HOUSLANGER & ASSOCIATES, PLLC,
TODD E. HOUSLANGER, MEL S. HARRIS,
DAVID WALDMAN, SCOTT E. WORTMAN,
LR CREDIT 18, LLC,
LEUCADIA NATIONAL CORPORATION,
AND VIRGO CAPITAL, LLC,

                    Defendants.

---

## SUMMONS WITH NOTICE

---

Mitchell L. Pashkin certifies that, to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the annexed paper(s) or the contentions therein are not frivolous as defined in 22 NYCRR 130-1.1.(c).


/s/
Mitchell L. Pashkin
Attorney For Plaintiff
775 Park Avenue, Ste. 255
Huntington, NY 11743
Tel.: 631.335.1107
Fax.: 631.824-9328
mpash@verizon.net

**EXHIBIT "B"**

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF KINGS

Index No.    500608/2016

THOMAS M. ANDERSON

*Plaintiff(s) Petitioner(s)*

against

HOUSLANGER & ASSOCIATES, PLLC et al

*Defendant(s) Respondent(s)*

filed 1/15/2016

Calendar No.

~ *AFFIDAVIT OF SERVICE*

STATE OF DELAWARE, COUNTY OF: NEW CASTLE                Ss.:

The undersigned, being sworn, says: Deponent is not a party herein, is over 18 years of age and resides at  Wilmington, DE

On  5/5/16                        at 12:30    P .M., at  C/O THE COMPANY CORPORATION 2711 CENTERVILLE RD. WILMINGTON, DE 19808

deponent served the within

- ☐ summons and complaint
- ☐ subpoena duces tecum
- ☐ citation
- ☒ SUMMONS WITH NOTICE & NOTICE OF AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES

on    VIRGO CAPITAL, LLC

☒ defendant    ☐ witness    hereinafter called    therein
☐ -espondent    the recipient    lamed

**INDIVIDUAL**
1. ☐ by delivering a true copy *of each* to said recipient personally; deponent knew the person so served to be the person described as said recipient therein.

**CORPORATION**
2. ☒ a DELAWARE        corporation, by delivering thereat a true *copy of each* to LYNANNE GARES personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be  AUTHORIZED PERSON AT THE REGISTERED AGENT    thereof

**SUITABLE AGE PERSON**
3. ☐ by delivering thereat a true copy *of each* to                        a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC.**
4. ☐ by affixing a true copy *of each* to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4**
5A. ☐ Deponent talked to                        at said premises who stated that recipient ☐ lived ☐ worked there. Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's last known residence, at                        and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4**
5B. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to recipient at recipient's actual place of business, at                        in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**DESCRIPTION**
☐

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☒ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☒ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | [- I Over 6' | ☐ Over 200 Lbs. |

☐    Other identifying features:

**WITNESS FEES**
☐    $                        the authorizing traveling expenses            ☐ was paid (tendered) to the recipient
and one days' witness fee:            ☐ was mailed to the witness with subpoena copy.

**MILITARY SERVICE**
☐    I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military* uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on    5/5/16

MELISSA HARMON
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires 12/16/2019

License No.

KEVIN S. DUNN
800-952-2288

1 of 1

**EXHIBIT "C"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

THOMAS M. ANDERSON,
ON BEHALF OF HIMSELF AND
ALL OTHERS SIMILARLY SITUATED,

              Plaintiff,

      -against-

HOUSLANGER & ASSOCIATES, PLLC,
TODD E. HOUSLANGER,
MEL S. HARRIS, DAVID WALDMAN,
SCOTT E. WORTMAN, LR CREDIT 18, LLC,
LEUCADIA NATIONAL CORPORATION,
AND VIRGO CAPITAL, LLC,

              Defendants.

INDEX NO.       500608/2016

**COMPLAINT**

---

Plaintiff, Thomas M. Anderson [hereinafter "Anderson"], on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Houslanger & Associates, PLLC [hereinafter "H&A"], Todd E. Houslanger [hereinafter "TEH"], Virgo Capital, LLC [hereinafter "Virgo"], Leucadia National Corporation [hereinafter "Leucadia"], LR CREDIT 18, LLC [hereinafter "LR Credit 18"], Scott E. Wortman [hereinafter "Wortman"], Mel S. Harris [hereinafter "Harris"], and David Waldman [hereinafter "Waldman"], and alleges as follows:

1. This is a proposed class action under Article 9 of the New York CPLR alleging violations of 15 U.S.C. § 1692, et. seq. ("Fair Debt Collection Practices" or "FDCPA") and New York General Business Law § 349 ("GBL 349").

2. Anderson is authorized to bring this action alleging violations of GBL 349 per GBL 349 (h).

3. This court has jurisdiction of this case pursuant to NY CPLR 301 and/or NY CPLR 302(1).

4. Venue is proper per NY CPLR 509.

*VIRGO*

19. Virgo is a New York limited liability corporation, and upon information and belief has a principal place of business located at 243 RT. 100, Somers, NY 10038.

20. The principal purpose of Virgo is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

21. Virgo is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

*WORTMAN*

22. Wortman is an attorney with a current principal place of business located at Warshaw Burstein, LLP, 555 Fifth Avenue, New York, NY 10017.

23. Wortman is a former partner of Mel S. Harris & Associates LLC, and was a partner of Mel S. Harris & Associates LLC at the relevant times set forth in this Complaint as regards the alleged actions and/or omissions of Wortman.

24. Mel S. Harris & Associates LLC was a law firm whose principal purpose was the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. Mel S. Harris & Associates LLC was a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

25. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly

117. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

118. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

119. A class action is the superior means of adjudicating this dispute.

120. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

1. Statutory damages under the FDCPA of $1,000 for Plaintiff and actual damages of Plaintiff under the FDCPA in the amount of $10,000;

2. Statutory damages under the FDCPA of $1,000 for each class member in a total amount not to exceed the lesser of $500,000 or 1% of the net worth of all the defendants;

3. Statutory damages under NY GBL section 349 and actual damages under NY GBL section 349 in the amount of $10,000;

4. Costs and attorneys' fees allowed as a result of this action; and

5. Any and all other relief deemed just and warranted by this court.

Dated:        June 1, 2016

/s/  Mitchell L. Pashkin
Mitchell L. Pashkin (MP 9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY  11743
(631) 335-1107
mpash@verizon.net

**EXHIBIT "D"**

# NYS Department of State

## Division of Corporations

**Entity Information**

The information contained in this database is current through July 13, 2016.

Selected Entity Name: VIRGO CAPITAL, LLC
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | VIRGO CAPITAL, LLC |
| **DOS ID #:** | 4167514 |
| **Initial DOS Filing Date:** | NOVEMBER 18, 2011 |
| **County:** | WESTCHESTER |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
VIRGO CAPITAL, LLC
243 RT. 100
SOMERS, NEW YORK, 10589

**Registered Agent**

SPIEGEL & UTRERA, P.A., P.C.
1 MAIDEN LANE
5TH FLOOR
NEW YORK, NEW YORK, 10038

This office does not require or maintain
information regarding the names and addresses of
members or managers of nonprofessional limited
liability companies. Professional limited liability

companies must include the name(s) and address
(es) of the original members, however this
information is not recorded and only available by
<u>viewing the certificate.</u>

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| | No Information Available | |

\*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| NOV 18, 2011 | Actual | VIRGO CAPITAL, LLC |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

<u>Search Results</u>  <u>New Search</u>

<u>Services/Programs</u>  |  <u>Privacy Policy</u>  |  <u>Accessibility Policy</u>  |  <u>Disclaimer</u>  |  <u>Return to DOS Homepage</u>  |  <u>Contact Us</u>

IN THE UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRECIOUS TYLER, | ) |
| Plaintiff, | ) C.A. No. |
| vs. | ) |
| HOUSLANGER & ASSOCIATES, PLLC, AND TODD E. HOUSLANGER, | ) |
| Defendants. | ) |

STATE OF NEW YORK   }
                    } ss.:
COUNTY OF SUFFOLK   }

<u>AFFIDAVIT OF SERVICE BY MAIL</u>

SANDY LYNN RIEFBERG, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides in Huntington, New York.

On  July 14, 2016, deponent served the within **NOTICE OF REMOVAL** upon the following persons and attorneys of record as follows:

TO:   Mitchell L. Pashkin, Esq.      David M. Barshay, Esq       Margaret A. Dale, Esq.
      775 Park Avenue, Suite 255     Barshay Sanders PLLC        Proskauer Rose LLP
      Huntington, NY 11743           100 Garden City Plaza, Ste 500   Eleven Times Square
                                     Garden City, NY 11530       New York, NY 10036

The address designated by said person and attorneys for that purpose by depositing a true copy of same enclosed in a First Class Mail postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

SANDY LYNN RIEFBERG

Sworn to before me this

14th day of July, 2016

NOTARY PUBLIC

BRYAN C. BRYKS
Notary Public-State of New York
No. 01BR6182323
Qualified in Queens County
My Commission Expires February 25, 2026